# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8412 | **DATE** | 6/18/2001 |
| **CASE TITLE** | CATHERINE HAYES vs. CITY OF DES PLAINES, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motions(s) to bar the testimony of plaintiff's expert, Joseph Rowan [79-1] and reconsider the denial of summary judgment [79-2] are denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 87 |
| ✓ | Docketing to mail notices. | | 15 docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 21 PM 6:13 | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

| | |
|---|---|
| CATHERINE HAYES, | ) |
| Plaintiff, | ) Case 97 C 8412 |
| v. | ) The Honorable John W. Darrah |
| CITY OF DES PLAINES, et. al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion(s) to Bar the Testimony of Plaintiff's Expert, Joseph Rowan [79-1], and Reconsider the Denial of Summary Judgment [79-2]. For the following reasons, Defendants' Motions are DENIED.

## LEGAL STANDARD

FED.R.EVID. 702 governs testimony by experts. It states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching his conclusions." *Smith v. Ford Motor Company*, 215 F.3d 713, 717 (7th Cir. 2000). While "extensive academic and practical expertise" in an area is certainly sufficient to qualify a

-1-

87

potential witness as an expert, *Bryant v. City of Chicago*, 200 F.3d 1092, 1098 (7th Cir. 2000), "Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience." *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 590 (7th Cir. 2000).

"A court's reliability analysis does not end with its conclusion that an expert is qualified to testify about a given matter." *Smith*, 215 F.3d at 717. Even "[a] supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n. 5 (7th Cir. 1999). Instead, "the court's gatekeeping function focuses on an examination of the expert's methodology." *Smith*, 215 F.3d at 717. However, "[t]he soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact, or, where appropriate, on summary judgment." *Id.* at 717, 718.

## DISCUSSION

Defendants have raised numerous objections to the testimony of Plaintiff's expert, Joseph Rowan. Rowan has over fifty years' experience in criminal and juvenile justice. He has worked as a line jail officer, detention supervisor, institutional superintendent, commissioner/director of two state detention and correctional systems, and administrator of four national private correctional agencies. His accomplishments include: directing the American Medical Association's Health Care in Correctional Institutions Program of Standards Development and Accreditation, authoring the 1988 and 1995 <u>Training Curriculum on Suicide Detection and Prevention in Jails and Lockups</u> for the National Institute of Corrections, and serving as an expert witness in over 450 cases since 1967. Rowan is undoubtedly qualified to testify on matters concerning the risk and prevention of suicide during detention.

Defendants have objected to the following statements drawn from Rowan's deposition:

(#1) Michael Hayes was a high suicide risk and would have been identified and managed as such by a reasonable trained police officer who properly carried out his duty of care.

\*\*\*

(#2) The City of Des Plaines was deliberately indifferent to the safety and rights of detainees in that it failed to provide its police officers with any training on mental health screening and suicide prevention.

\*\*\*

(#3) The Des Plaines Police Department was deliberately indifferent to Mr. Hayes' rights and safety because no suicide screening was performed, and he should have been monitored constantly.

\*\*\*

(#4) A safe environment was not provided for Mr. Hayes.

\*\*\*

(#5) The suicide of Mr. Hayes could have been easily prevented with reasonable implementation of different practices and procedures. Those would include training concerning admission screening, together with proper monitoring.

Defendants move to bar Rowan's first opinion concerning the proper identification of Hayes as a suicide risk on the grounds that Rowan relied on inaccurate facts in making his assessment. Specifically, Defendants claim that Rowan incorrectly assumed that Hayes and Paxson were engaged in a relationship at the time he was taken into custody, misunderstood the extent of Hayes' crying, and attributed knowledge to Lalowski which he didn't have. Defendants' argument is unpersuasive since it merely cites the factual disputes surrounding Hayes' conduct before his suicide as a basis for questioning Rowan's testimony. As noted in *Smith*, these factual disputes are more properly resolved at trial, where the finder of fact may weigh competing evidence. Furthermore, even if Rowan's assumed facts are proven untrue at trial, Rowan has stated his opinion that Hayes' earlier statement to Officer Lalowski concerning his suicidal thoughts and his ongoing treatment by a physician alone merited constant supervision. Defendants do not challenge this last assessment in their Motion. Defendants' Motion to Bar Opinion #1 is denied.

-3-

Defendants move to bar Rowan's second opinion concerning the City of Des Plaines' deliberate indifference in failing to train its officers because the American Correction Association ("ACA") standards cited by Rowan apply only to correctional officers, and it was not customary for police departments to provide that training. Plaintiff responds by noting that Rowan was hired to train four of the supervisors in the Des Plaines Police Department in 1988 on suicide prevention, providing the Department with various training materials, which the Department allegedly failed to pass on to its officers. Plaintiff further responds that even if the ACA standards do not apply to the officers in question, they would nonetheless serve as a point of reference in determining the duty of care. Plaintiff further notes that Rowan bases his opinions on Training Keys 377 and 378. Training Key 377 is entitled "Identifying the Suicide Risk in Police Lock-Ups." Training Key 378 is entitled "Managing the Suicide Risk in Police Lock-Ups." As author of these training keys, Rowan would certainly be qualified to testify about their application to the incident at issue. Based on his training work and extensive experience in the area, Rowan is certainly qualified to testify on the issue of training officers in suicide prevention. His reference to the ACA standards or Training Keys 377 and 378 in his analysis does not bring his methodology into question. The points made by Defendants are more properly raised during cross-examination. Defendants' Motion to Bar Opinion #2 is denied.

Defendants move to bar Rowan's third opinion concerning the Police Department's failure to screen Hayes for suicide and monitor him, arguing that the "Domestic Violence Information Form" constituted a sufficient screening and that Rowan misunderstood the standard of deliberate indifference. Once again, Defendants attempt to argue the merits of the case while challenging the sufficiency of Rowan's testimony. The Defendants' mere assertion that the "Domestic Violence

Information Form" constituted an adequate screen for suicide does not render Rowan's expert opinion insufficient under F.R.E. 702. Whether the form was "just the starting point" for an adequate screen is an issue to be decided by the trier of fact at trial. As to Rowan's understanding of the deliberate indifference standard, the interchange cited by Defendants does not evidence a clear misunderstanding of the law. The statements at issue consisted of the following:

> Q: You have referred and used the term deliberate indifference?
> A: Yes.
> Q: Deliberate indifference, as you have used that term, includes gross negligence, does it not?
> A: Right.

Defendants argue that Rowan confused the meanings of gross negligence and deliberate indifference. Plaintiff responds that Rowan was never directly asked to define deliberate indifference and that his response merely indicated that an act of deliberate indifference would also meet the standard of gross negligence. This question to Rowan was not eliciting a legal opinion as to the difference between these terms, nor could it be construed as such. A vague statement concerning the relationship between two legal standards is insufficient to bar Rowan's testimony. Defendants' Motion to Bar Opinion #3 is denied.

Defendants move to bar Rowan's testimony concerning the safety of the room in which Rowan was placed, contending that this issue is only important to the extent Hayes was considered a suicide risk. Since Defendants' Motion to Bar Rowan's suicide risk testimony [79-1] has already been denied, Defendants' Motion to Bar Rowan's room safety testimony is likewise denied. This question is reasonably related to and relevant to Opinion #1.

Lastly, Defendants object to Rowan's testimony on the grounds that the interview room in which Hayes committed suicide did not constitute a "lock-up" or part of the jail under Illinois

standards for law enforcement facilities or the other authorities cited by Rowan. Once again, Defendants attack the merits of Plaintiff's case under the guise of a challenge to Rowan's testimony. Whether the standards and authorities cited by Rowan govern the interview room at issue or may be considered as a reference for determining officers' responsibilities to an individual in an interview room are questions which need not be decided here. Under either of these scenarios, Rowan's understanding and analysis of these standards constitutes "genuine knowledge that can be genuinely helpful to the jury." *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993). Defendants' Motion to Bar Rowan's testimony concerning the issue of whether Hayes' suicide could have been prevented is likewise denied.

Defendants further requested that the order denying summary judgment be reconsidered if Rowan's testimony is barred. Since Defendants' Motion to Bar has been denied, their Motion to Reconsider Denial of Summary Judgment is also denied.

## CONCLUSION

For the reasons stated herein, Defendants' Motion(s) to Bar the Testimony of Plaintiff's Expert, Joseph Rowan [79-1], and Reconsider the Denial of Summary Judgment [79-2] are DENIED.

**IT IS SO ORDERED.**

Date: 6-18-01

John W. Darrah, Judge

United States District Court