## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8412 | **DATE** | 12/14/2001 |
| **CASE TITLE** | CATHERINE HAYES vs. CITY OF DES PLAINES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Catherine Hayes, administratrix of the estate of Michael P. Hayes, has moved this Court to bar the admission of certain opinions of the defendant's expert, Lou Reiter. Therefore, certain opinions of the defendants' expert, Lou Reiter, is found to be unreliable and irrelevant; and, therefore, the expert witness, Lou Reiter, is barred from offering testimony as to opinions one, three, four, six, seven, eight, nine, ten, eleven, and opinion twelve.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JS | 104 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | 01 DEC 23 PM 5:35 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

CATHERINE HAYES, administratrix )
of the Estate of Michael P. Hayes, )
)
Plaintiff, ) Case 97 C 8412
)
v. ) The Honorable John W. Darrah
)
CITY OF DES PLAINES and )
OFFICER DICK LALOWSKI, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Catherine Hayes, administratrix of the Estate of Michael P. Hayes, has moved this Court to bar the admission of certain opinions of the defendant's expert, Lou Reiter.

At issue is whether or not Officer Dick Lalowski of the City of Des Plaines Police Department acted with deliberate indifference to the constitutional rights of Michael Hayes and whether the City's failure to train its police officers to properly screen detainees to determine risk of suicide also constitutes deliberate indifference.

The facts of the case, for purposes of deciding plaintiff's motion, as stated in the statement of uncontested facts and the Amended Final Pretrial Order, are as follows. Officer Lalowski was assigned to investigate an incident involving the commission of an alleged act of domestic violence by Michael Hayes. On December 15, 1996, Michael Hayes arrived at the Des Plaines Police Department between 2:30 and 2:40 p.m. and was taken by Officer Lalowski to Interview Room 108, which had a pay phone mounted on the wall. Interview Room 107 was

104

also available and had no pay phone. In his report of the interview, Officer Lalowski noted that Hayes had a history of mental illness, had suicide threats/attempts. Michael Hayes also indicated, at this time, that he was under the treatment of a doctor because of his suicidal thoughts. Mr. Hayes was confined to Interview Room 108 for over three hours. Michael Hayes was found on the floor of Interview Room 108 underneath the pay telephone with the phone cord wrapped around his neck. Michael Hayes was dead, and efforts to revive him were not successful. The suicide occurred sometime before 6:20 p.m.

Plaintiff's motion seeks to bar ten opinions of Lou Reiter. Reiter's report indicates that he has grouped his opinions into three general areas: (1) foreseeability of a high risk of suicide, (2) station facility issues, and (3) training in suicide prevention and awareness.

Plaintiff's motion cites Federal Rule of Evidence 702, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist
> the trier of fact to understand the evidence or to determine a fact in
> issue, a witness qualified as an expert by knowledge, skill, experience,
> training, or education, may testify thereto in the form of an opinion or
> otherwise, if (1) the testimony is based upon sufficient facts or dates,
> (2) the testimony is the product of reliable principles and methods,
> and (3) the witness has applied the principles and methods reliably to
> the facts of the case.

As this Court noted in a Memorandum Opinion and Order entered in this case on June 18, 2001,

> "In analyzing the reliability of proposed expert testimony, the role of
> the court is to determine whether the <u>expert is qualified</u> in the relevant
> field and <u>to examine the methodology</u> the expert has used in reaching
> his conclusions." *Smith v. Ford Motor Company*, 215 F.3d 713, 717
> (7th Cir. 2000). While "extensive academic and practical expertise" in
> an area is certainly sufficient to qualify a potential witness as an expert,
> *Bryant v. City of Chicago*, 200 F.3d 1092, 1098 (7th Cir. 2000), "Rule 702
> specifically contemplates the admission of testimony be experts whose
> knowledge is based on experience." *Walker v. Soo Line R.R. Co.*,
> 208 F.3d 581, 590 (7th Cir. 2000).

Mr. Reiter has no basis for the opinions challenged by the plaintiff either pursuant to recognized

2

methods of scientific analysis or based on his experience. A reading of his resume, affidavit/preliminary expert report, and deposition testimony transcript reveals no suggestion of any scientific methodology or testing in support of his conclusions. Likewise, there is no showing of extensive academic or practical experience by Mr. Reiter in the particular field that concerns the issues of this case. He has not received nor administered any training in the area of prevention of suicide among detainees nor any screening for such prevention. His experience in this regard appears to be limited to two instances when he testified for families of deceased persons, one of which he was not certain was by suicide, for some of the challenged opinions.

Nor are these opinions reasonably based on any facts. For example, that he believes an indication that the Des Plaines Police Department is reasonably well managed is based on the fact that the lock-up facility has not had a suicide death in over twenty-five years and that the persons designated with lock-up duties, therefore, were performing those duties in a reasonable manner consistent with the training they had received. Also, that, for crying to be a significant factor in assessing the potential for suicide, it must be more than "sobs".

Also, much of Mr. Reiter's "opinions" are not relevant to the case. His opinions regarding two station facility issues appears to be based on the assumption that the interview room was an appropriate place to detain Michael Hayes and that all persons associated with his detention were aware of Mr. Hayes's status and his "imminent bonding out of the station". This is directly contrary to the uncontested facts of the case, as set out above. The deceased was confined in the room where a cord was available for a period of at least three hours; and, even though he voluntarily surrendered to the Des Plaines Police, he was not about to be released on bond in any manner that could be characterized as "imminent" after his confinement.

The defendants, in support of the admission of Reiter's testimony, cite *Lawson v. Trowbridge*, 153 F.3d 368, 376 (7th Cir. 1998), for the following proposition, "'All you need to be an expert witness is a body of specialized knowledge that can be helpful to the jury.' . . . Knowledge of police training is specialized, and at the very least it places [the officers'] actions in context." *Lawson*, 153 F.3d at 376 (citation omitted). That isolated statement from the *Lawson* opinion is directly contrary to the multi-part test to be applied by the trial court as a "gate-keeper" in discharging its obligation under the Federal Rule of Evidence and authorities cited above. The *Lawson* case specifically applied *Daubert* in upholding the district court's finding that the experts had specialized knowledge in the appropriate training given officers to approach someone carrying knives and found that the experts had the specialized knowledge because both had taught courses on defense and arrest tactics and had specifically taught defense courses to the officer whose conduct was at issue. The context in which the statement cited by the defendants is placed concerned the issue of whether or not some of the expert's testimony overlapped with the jurors' own experiences. The *Lawson* court stated in the sentence immediately preceding the statement cited by the defendants, "A trial court 'is not compelled to exclude [an] expert just because the testimony may, to a greater or lesser degree, cover matters that are within the average jurors' comprehension.'" *Lawson*, 153 F.3d at 376 (quoting *United States v. Williams*, 81 F.3d 1434, 1441 (7th Cir. 1996)) (alteration in original).

Therefore, certain opinions of the defendants' expert, Lou Reiter, is found to be unreliable and irrelevant; and, therefore, the expert witness, Lou Reiter, is barred from offering testimony as to opinions one, three, four, six, seven, eight, nine, ten, eleven, and opinion twelve.

**IT IS SO ORDERED.**

Date: 12-14-01

John W. Darrah, Judge
United States District Court

5